UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
FRANK BOATSWAIN,

               Petitioner

-against-

STATE OF NEW YORK,

               Respondent.
----------------------------------------------------------x

MEMORANDUM AND ORDER

12-CV-6078 (SLT)(MDG)

**TOWNES, United States District Judge:**

Petitioner Frank Boatswain ("Petitioner"), proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to challenge his June 2001 convictions in the Supreme Court of the State of New York. The Court grants Petitioner's request to proceed *in forma pauperis* solely for the purpose of this Order. However, for the reasons set forth below, the instant petition is dismissed.

## BACKGROUND

Except as otherwise noted, the following facts are drawn from the petition in the above-referenced case and, in particular, the October 31, 2011, opinion of the Honorable Deborah A. Dowling, which is attached thereto. On February 2, 2000, Petitioner pled guilty to two crimes – attempted criminal possession of a weapon in the third degree and criminal possession of a controlled substance in the fifth degree – in full satisfaction of two separate State indictments. After Petitioner repeatedly failed to appear for sentencing, a bench warrant was issued on June 9, 2000.

Petitioner was returned on the warrant on June 15, 2001. That same day, he was sentenced to a determinate term of four years' imprisonment on the weapon offense and to a concurrent 2-to-4 year term on the drug offense. Petitioner did not appeal either conviction.

According to the New York State Department of Corrections, Petitioner was released from State custody in October 2002, about five months prior to his maximum expiration date of March 2, 2003. *See* http://nysdoccslookup.doccs.ny.gov.[1] According to the New York State Division of Parole, which was contacted by U.S. Probation prior to Petitioner's sentencing in an unrelated federal matter before this Court, Petitioner was discharged from supervision on March 2, 2003. State records do not reflect that Petitioner was required to serve an additional term of post-release supervision.

## *DISCUSSION*

Section 2254(a) of Title 28 of the United States Code provides, in pertinent part, that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Accordingly, "[t]he first showing a [section] 2254 petitioner must make is that he is 'in custody pursuant to the judgment of a State court.'" *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001) (quoting 28 U.S.C. §2254(a)). The Supreme Court has interpreted this statutory language to require that the "petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Accordingly, when a petitioner's sentence for a conviction has fully expired, the conviction may not be challenged under 29 U.S.C. §2254 because the petitioner is no longer "in custody" pursuant to that conviction. *Coss*, 532 U.S. 394, 401-02 (2001); *see also Ginsberg v. Abrams*, 702 F.2d 48 (2d Cir. 1983).

---

[1] The "maximum expiration date" is the date until which an inmate will remain in custody unless he is released by the Parole Board or by conditional release.

Petitioner's sentences on the 2001 convictions he now seeks to challenge appear to have fully expired. Petitioner was released from prison in October 2002, having served all but approximately five months of the concurrent prison terms imposed upon him on June 15, 2001. In addition, the New York State Division of Parole has advised that Petitioner was discharged from their supervision on March 2, 2003. There is nothing to suggest that the sentencing judge ever imposed a period of post-release supervision.

Since Petitioner's sentence for his 2001 convictions has fully expired, he is no longer in custody under those convictions. Accordingly, Petitioner can no longer seek a writ of habeas corpus with respect to his 2001 convictions. *See Coss*, 532 U.S. at 401-02.

## *CONCLUSION*

For the reasons set forth above, the instant petition for a writ of habeas corpus is denied. A certificate of appealability shall not issue because Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112-13 (2d Cir. 2000).

SO ORDERED.

/S/ Judge Sandra L. Townes
_____
(SANDRA L. TOWNES)
United States District Judge

Dated: December 14, 2012
Brooklyn, New York