UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
FRANK BOATSWAIN,

                Petitioner

-against-

STATE OF NEW YORK,

                Respondent.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**

12-CV-6078 (SLT)(MDG)

**TOWNES, United States District Judge:**

On November 29, 2012, petitioner Frank Boatswain ("Petitioner") filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to challenge 2001 state court convictions that resulted in sentencing enhancements in *United States v. Boatswain*, E.D.N.Y. Docket No. 06-CR-32 (SLT). In a Memorandum and Order dated December 14, 2012 (the "Prior M&O"), this Court denied the petition on the ground that Petitioner was no longer in custody on the state court convictions and, thus, could no longer seek a writ of habeas corpus with respect to those convictions. *See Boatswain v. State of New York*, No. 12-CV-6078 (SLT)(MDG), slip op. at 2 (E.D.N.Y. Dec. 14, 2012) (citing *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001)). Petitioner now moves pursuant to Rule 59(e) of the Federal Rules of Civil Procedure for reconsideration of the Prior M&O, citing to *Sinclair v. Vermont*, No. 2:12-CV-176, 2012 WL 5285388 (D.Vt. Sept. 28, 2012), and other cases which, Petitioner alleges, this Court overlooked. For the reasons set forth below, Petitioner's motion is denied.

Rule 59(e) permits a party to file a "motion to alter or amend a judgment . . . no later than 28 days after the entry of judgment." The standard for granting motions for reconsideration is "strict," and reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent

manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted).

In moving for reconsideration in this case, Petitioner principally relies on *Sinclair*, a report and recommendation issued by a magistrate judge in the United States District Court for the District of Vermont. Although that report and recommendation was adopted by District Judge Sessions in *Sinclair v. Vermont*, No. 2:12-CV-176, 2012 WL 5285387 (D.Vt. Oct 25, 2012), neither the report and recommendation nor the district court order adopting it are controlling upon this Court. *See Herman Miller, Inc. v. Worth Capital, Inc.*, No. 97 Civ. 7878 (SAS), 1998 WL 226202, at *1 (S.D.N.Y. May 4, 1998) ("The decision of a fellow district court is not a 'controlling' one" for the purposes of a motion for reconsideration).

Even if these decisions were controlling, the portion of the report and recommendation on which Petitioner relies merely paraphrases *Coss*, *supra*, the very same Supreme Court decision on which this Court's Prior M&O relied. In *Coss*, a state prisoner petitioned for a writ of habeas corpus pursuant to 28 U.S.C. §2254, seeking to challenge 1986 state court convictions that had served to enhance a sentence he had received in state court in 1990. The Supreme Court held, *inter alia*, that because Coss was "no longer serving the sentences imposed pursuant to his 1986 convictions," he could not "bring a federal habeas petition directed solely at those convictions." *Coss*, 532 U.S. at 401. The Prior M&O cited *Coss* for this proposition.

Despite this holding, the Supreme Court ruled that Coss satisfied §2254's "in custody" requirement because (1) Coss's §2254 petition could be "construed as 'asserting a challenge to the [1990] senten[ce], as enhanced by the allegedly invalid prior [1986] conviction,'" and (2) Coss was still serving the 1990 sentence. *Id.* at 401-402 (quoting *Maleng v. Cook*, 490 U.S. 488, 493 (1989) (brackets added in *Coss*). However, unlike the magistrate judge in *Sinclair*, this Court does not read *Coss* as implying that a district court can, or should, construe a §2254 petition expressly challenging

2

expired state court convictions as a §2255 motion challenging the constitutionality of a federal conviction.

Even if this Court were to construe Petitioner's §2254 petition as a §2255 motion, this Court could not grant Petitioner the relief he seeks – namely, the vacatur of his 2001 convictions. First, since Petitioner has already filed a §2255 motion challenging the federal conviction for which he is currently incarcerated, *see Boatswain v. United States*, E.D.N.Y. Docket No. 10-CV-711, the instant petition would be second or successive. "[A] district court may consider a second or successive §2255 motion only if the petitioner first obtains an order from the court of appeals authorizing consideration of the successive motion." *Yu v. United States*, 648 F.3d 111, 113 (2011) (citing 28 U.S.C. §2255(h)). Second, the Supreme Court has expressly held that a §2255 motion cannot be used to collaterally attack prior state court convictions, even if those convictions served to enhance the sentence received in the federal case in which the §2255 motion was filed. *See Daniels v. United States*, 532 U.S. 374, 379-83 (2001). "If . . . a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse." *Id.* at 382.

As Petitioner correctly notes, the Supreme Court has carved out a narrow exception to this rule in cases involving violations of the right to counsel. *Id.* at 378. However, that exception is not available in all cases in which a petitioner alleges some sort of Sixth Amendment violation. Rather, that exception applies only where the petitioner seeks to challenge the state court conviction under *Gideon v. Wainwright*, 372 U.S. 335 (1963), on the ground that no counsel was appointed to represent him in the state court proceeding. *Daniels*, 532 U.S. at 378. As the Supreme Court explained in *Custis v. United States*, 511 U.S. 485, 496 (1994), the "failure to appoint counsel for an indigent defendant [is] a unique constitutional defect," which justifies the exception.

In this case, Petitioner seeks to challenge his 2001 convictions on Sixth Amendment grounds, but not pursuant to *Gideon*. Petitioner does not allege that he was unrepresented when he was sentenced in 2001. Rather, he argues only that his "right to choice of counsel" was violated because the sentencing court refused to "await the arrival" of the attorney Petitioner had retained. Petition at ¶12.

This Court has considered the other grounds for reconsideration suggested by Petitioner's motion and finds that they are also without merit. First, for reasons of judicial economy, all actions filed by the same *pro se* litigant in this district are routinely assigned to the same judge. Second, although Petitioner had filed complaints of judicial misconduct against this Court prior to commencing this action, "[t]he mere filing of a complaint of judicial misconduct is insufficient to require a judge to step down from further handling of a case." *Boatswain v. United States*, No. 10--CV-711, 2010 WL 3521917, at *1(E.D.N.Y. Sept. 1, 2010) (quoting *United States ex rel. Fortier v. Winters*, No. 00 C 7058, 2007 WL 118225, at *2 (N.D.Ill. 2007)); *see also Flemming v. City of New York*, No. 02 CV 6613, 2006 WL 898081, at *6 (E.D.N.Y. Mar. 31, 2006). Third and finally, a district court is not obliged to refer §2254 petitions or other matters to a magistrate judge. *See* 28 U.S.C. §636. In particular, there is no need to refer a §2254 petition which is so clearly without merit as to make summary denial appropriate.

## CONCLUSION

For the reasons set forth above, Petitioner's motion for reconsideration of this Court's Memorandum and Order dated December 14, 2012, is denied.

**SO ORDERED.**

/S/ Judge Sandra L. Townes
/SANDRA L. TOWNES
United States District Judge

Dated: January 7, 2013
Brooklyn, New York

4